520 So.2d 283 (1988)
THE FLORIDA BAR, Complainant,
v.
William M. HOLLAND, Jr., Respondent.
No. 65469.
Supreme Court of Florida.
February 25, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Steve Rushing, Branch Staff Counsel and Richard A. Greenberg, Asst. Staff Counsel, Tampa, for complainant.
Richard T. Earle, Jr., St. Petersburg, for respondent.
PER CURIAM.
William M. Holland, Jr., disputes the findings of the referee in a complaint brought against him by the Florida Bar. The referee found Holland in violation of four provisions of the Code of Professional Responsibility in connection with his handling of a divorce[*] and recommended that he be suspended from the practice of law for six months and only be readmitted upon a showing of rehabilitation. The referee found as follows:
That the respondent was charged with handling a legal matter which he knew or should have known he was not competent to handle; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct that adversely reflects on his fitness to practice law; charging a clearly excessive fee; and prejudicing or damaging his client during the course of the professional relationship. I find that the evidence shows as follows:
a. The evidence is not clear and convincing that respondent was not competent to handle the representation of Ms. Maciejewski in her divorce proceedings.
b. The evidence was clear and convincing that respondent engaged in conduct *284 involving dishonesty, fraud, deceit, or misrepresentation in that he actively misrepresented the nature and meaning of documents he directed Ms. Maciejewski to sign by failing to disclose and explain the contents of the documents and by actively concealing the true meaning of the documents he directed her to sign.
c. The evidence was clear and convincing that respondent engaged in conduct that adversely reflects on his fitness to practice law in that he took advantage of the mental confusion and physical stress being experienced by his client during the course of the dissolution of marriage proceeding.
d. The evidence was clear and convincing that respondent charged Ms. Maciejewski a clearly excessive fee and that he purported to expend hours of labor which were far in [excess] of those normally necessary for legal matters such as the Maciejewski dissolution of marriage. Further, the fee was so excessive as to be unconscionable.
e. Evidence was clear and convincing that respondent prejudiced or damaged his client during the course of the professional relationship in that without full, clear and adequate explanation and disclosure, and without a full, free and knowledgeable waiver and acceptance from his client, he took back from Ms. Maciejewski a note and mortgage which clouded the title of the very residence of his client and her children with the ever present threat of ultimate disfeasance of the residence from her.
Respondent challenges both the findings of fact and the recommended discipline. As for the findings of facts, he says the primary witness against him, Mrs. Maciejewski, gave conflicting testimony that will not support a finding of clear and convincing evidence, and that there was disputed testimony as to the reasonableness of the fee. We have reviewed the record and find that there is ample support for the referee's findings that there was clear and convincing evidence of the violations. Mrs. Maciejewski's testimony, while confused at times on cross-examination, was sufficient to support, if believed, the referee's finding. While there was conflicting expert testimony concerning the fee, the referee obviously chose to believe the Bar's expert.
We also find the punishment, while severe, to be supported by the record. Respondent had twice previously been privately reprimanded for misconduct, and his misdeeds here are serious enough to warrant a six-month suspension. See The Florida Bar v. Gillin, 484 So.2d 1218 (Fla. 1986).
We approve the referee's report and the recommended discipline. Attorney William M. Holland, Jr. will be suspended from the practice of law for six months, commencing thirty days from the date of this judgment. Proof of rehabilitation shall be required for reinstatement. The thirty-day period is provided solely to allow respondent to close out his practice in an orderly fashion; during this time he shall accept no new clients and undertake no new legal business. Present clients must be provided with notice of this suspension, pursuant to rule 3-5.1(h), Rules Regulating the Florida Bar.
Respondent will pay the costs of this proceeding assessed by the referee at $853.80, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] DR 1-102(A)(4), DR 1-102(A)(6), DR 2-106 and DR 7-101(A)(3).